The Honorable Steve Schall State Representative P.O. Box 25 Conway, AR 72033-0025
Dear Representative Schall:
You have presented the following question for my opinion:
 (1) Is the $10.00 fine reduction that is authorized by A.C.A. § 27-37-705 available for only the original traffic violation for which the motor vehicle operator was stopped or must any fines resulting from additional citations or arrest be reduced by $10.00?
 (2) Does the phrase "any fine," as used in A.C.A. § 27-37-705, mean the grand total of all fines for any and all violations or is there to be a separate $10.00 taken off each fine for any and all charges brought "as a result of being stopped?"
RESPONSE
Question 1 — Is the $10.00 fine reduction that is authorized by A.C.A. §27-37-705 available for only the original traffic violation for which themotor vehicle operator was stopped or must any fines resulting fromadditional citations or arrest be reduced by $10.00?
It is my opinion that the fine reduction that is authorized by A.C.A. §27-37-705 is available not only for the original traffic violation for which the motor vehicle operator was stopped, but also for any fine that is imposed as a result of being stopped.
A.C.A. § 27-37-705 states:
 When any motor vehicle operator is stopped by a law enforcement officer and the law enforcement officer notes that the provisions of this subchapter have not been violated, any fine levied against the motor vehicle operator as a result of being stopped shall be reduced by ten dollars ($10.00) as an incentive to comply with this subchapter.
A.C.A. § 27-37-705.
Although the Arkansas courts have not interpreted the language of the above-quoted provision, this language is unambiguous. The fine reduction is to apply to "any fine levied against the motor vehicle operator as a result of being stopped[.]" (Emphasis added.) Because the provision refers to "any" fine, rather than to "the" or "a" fine, it clearly contemplates the possibility that more than one fine could be imposed as a result of the motor vehicle operator having been stopped. Thus, if more than one fine is imposed as a result of the motor vehicle operator being stopped, the fine reduction will apply to all such fines.
It should be noted that the limitation on this provision is the phrase "as a result of being stopped." This phrase indicates that in order to be available for the fine reduction, the fine in question must be imposed asa result of the motor vehicle operator having been stopped. If a connection cannot be established between the fine and the motor vehicle operator being stopped, the provisions of A.C.A. § 27-37-705 will not apply.
Finally, it should also be noted that (as indicated therein) A.C.A. §27-37-705 was enacted as an incentive for compliance with the mandatory seat belt use laws (A.C.A. § 27-37-701 et seq.). The fine reduction is available only if the seat belt requirements of the subchapter have been complied with. Thus, if a fine is imposed upon a motor vehicle operator for violating the seat belt laws, the fine reduction clearly will not apply.
Question 2 — Does the phrase "any fine," as used in A.C.A. § 27-37-705,mean the grand total of all fines for any and all violations or is thereto be a separate $10.00 taken off each fine for any and all chargesbrought "as a result of being stopped?"
It is my opinion that this phrase means that each fine that is imposed as a result of the motor vehicle operator being stopped must be reduced by $10.00.
Again, the Arkansas courts have not interpreted this provision, but its language is clear. The use of the term "any," rather than "all" indicates that each fine must be reduced separately from all others. If the intent had been to take $10.00 off the grand total of all fines imposed as a result of being stopped, the legislature should have used the phrase "all fines." Instead, the language speaks in the singular, thus indicating that each fine is to be treated separately from the others.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General